# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD MARION CARPENTER, JR.,

                      Petitioner,

v.

MICHAEL A. DITTMANN,

                      Respondent.

Case No. 14-CV-771-JPS

ORDER

On August 1, 2014, the Court entered an order finding that the petition for a writ of habeas corpus was untimely. (Docket #10). In reaching that decision, the Court relied on the statements of the petitioner (Docket #1, #2) and the Wisconsin Courts' public records. From those sources, it was clear that the petitioner had filed several collateral attacks in the Wisconsin Courts; the Court, therefore, calculated the total number of days that had elapsed following the petitioner's direct appeal. (*See* Docket #10 at 2–5). Ultimately, the Court determined that 773 days of non-excludable time had passed after the petitioner's conviction became final. (Docket #10 at 4). That made his petition untimely.

Having found that the petition was untimely under 28 U.S.C. §§ 2244(d)(1)(B–D), the Court next pointed out that equitable tolling may apply to this case, and requested that the petitioner brief the issue. (Docket #10, at 5–7). The Court gave the petitioner 30 days to do so.

Rather than addressing that issue, though, the petitioner has filed several letters regarding the Court's alleged failings. (Docket #11, #12, #13, #14).

The first and second of those letters are essentially requests for the Court to recuse itself from this action. (Docket #11, #12). In support, the petitioner points out that the Court had previously recused itself from a 42 U.S.C. § 1983 action that the petitioner brought several years ago, Case No. 09-CV-1154. (Docket #12). The Court reviewed that case, and found that the reason for its recusal was the fact that the Court had relationships with several of the many defendants that the petitioner sued in that case. For example, one of the defendants, an attorney, was appearing before the Court on a separate case; meanwhile, two of the defendants were judges who served on professional committees with the Court. It is perfectly clear, though, that the Court did not recuse itself for anything having to do with the plaintiff or his claims. Therefore, the concerns that caused the Court's recusal in the prior case are not present here. The Court is obliged to deny the petitioner's motion for recusal.

The third and fourth letters seek to supplement the record (Docket #13) and have the Court reconsider its finding that the petition is untimely (Docket #14). The petitioner has provided a copy of an order from the Supreme Court of Wisconsin in Case No. 2012AP2274. (Docket #13, Ex. 1). That order states that: "A petition for review pursuant to Wis. Stat. § 808.10 having been filed on behalf of petitioner-petitioner [sic], Ronald Marion Carpenter, and considered by this court; IT IS ORDERED that the petition for review is denied, without costs." (Docket #13, Ex. 1). That order is dated August 1, 2013.

The petitioner argues that this establishes that his direct appeal was timely, but he is incorrect. It is clear from the public records that Case No. 2012AP2274 is dealing with a post-direct appeal collateral attack. His direct

appeal is docketed in Case No. 2009AP2496, and the history of that case shows that the Wisconsin Supreme Court denied review on September 1, 2011. Meanwhile, the more recent case specifically notes that it deals with a "petition for a writ of habeas corpus" (October 18, 2012, entry on Case History sheet for Case No. 2012AP2274), and is thus a collateral attack, which counts to exclude time but does not re-start the running of the 1-year habeas clock.

The petitioner disagrees, arguing that collateral challenges under Wis. Stat. § 974.06 are part of the original case and constitute a direct appeal; in support he cites *Page v. Frank*, 343 F.3d 901, 906 (7th Cir. 2003). But that case notes that "[a]fter the times for filing postconviction motions under § 974.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat. § 974.06." *Id.* In other words, post-conviction motions under § 974.*02* may be considered part of the direct appeal process; meanwhile, request for relief under § 974.*06* is considered a collateral attack. Accordingly, his post-direct appeal request for habeas corpus relief is a collateral attack, and merely tolled the 1-year limitations period.

The only thing that the petitioner's supplemental submission may do is call into question the exact amount of time that expired after the direct appeal without being tolled. The Court had previously noted that the Wisconsin Supreme Court denied review of Case No. 2012AP2274 on March 20, 2013 (Docket #10 at 4), and, indeed, the publicly accessible information reflects that fact. (March 20, 2013 entry on Case History sheet for Case No. 2012AP2274). But the petitioner submitted an August 1, 2013 order from the

Wisconsin Supreme Court denying review. Because it ultimately makes no difference, the Court will accept that later date. Furthermore, while the petitioner did not alert the Court to this fact, the Court discovered that the plaintiff received an extension of time to file a petition for a writ of *certiorari* to the U.S. Supreme Court in his direct appeal. (December 6, 2011 entry on Case History sheet for Case No. 2012AP2274). Under that extension, the petitioner had until January 27, 2012, to file a petition for a writ of *certiorari* in his direct appeal. The Court will, therefore, use January 27, 2012, as the date upon which the petitioner's conviction became final.

Even with those changes, it is still clear that the petition is untimely. The statute of limitations began to run on January 27, 2012, and ran until the petitioner requested collateral relief on October 18, 2012, for a total of 265 days elapsed. The limitations period was tolled from October 18, 2012, until August 1, 2013. It began running again at that time and did not stop until the petitioner filed this action on July 3, 2014, for an additional 336 days elapsed. In sum, being as generous to the petitioner as possible, approximately 601 days passed after the conclusion of the petitioner's direct appeal and before he filed his petition for a writ of habeas corpus. His petition is, therefore, untimely.

The Court will still allow the petitioner the opportunity to brief the issue of equitable tolling. He shall have 30 days from the entry of this order to file a brief regarding the issue of equitable tolling. If he does not timely file that brief or if he fails to address that issue in any further briefs that he submits to this Court, the Court may find that he has waived his argument on that issue.

Accordingly,

IT IS ORDERED that the petitioner's motion for recusal (Docket #11) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the petitioner's motion to supplement the record (Docket #13) be and the same is hereby GRANTED, but that the supplemental document does not alter the Court's conclusion that the petition is untimely; and

IT IS FURTHER ORDERED that, the Court having again determined that the petition is untimely, the petitioner shall have thirty (30) days from the entry of this order to file a brief addressing the issue of equitable tolling; failure to timely file that brief or address the issue of equitable tolling may result in waiver of the argument or dismissal of this action.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge