# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD MARION CARPENTER, JR.,

      Petitioner,

v.

Case No. 14-CV-771-JPS

MICHAEL A. DITTMANN,

      Respondent.

ORDER

  The petitioner, Ronald Marion Carpenter, Jr., filed his petition for a writ of habeas corpus in this case on July 3, 2014. (Docket #1). The Court immediately identified timeliness concerns, and allowed Mr. Carpenter the opportunity to argue that he should receive the benefit of equitable tolling. (Docket #9). Rather than respond to the specific issue of equitable tolling, Mr. Carpenter filed a motion to supplement the record and a second brief arguing that the Court's timeliness analysis was incorrect. (Docket #13, #14). The Court granted the motion to supplement the record and altered its timeliness analysis slightly; nonetheless, the Court determined that—being as generous to Mr. Carpenter as possible—his petition was still untimely under 28 U.S.C. § 2244(d). (Docket #15). Thus, the Court afforded Mr. Carpenter a second chance to address the issue of equitable tolling. (Docket #15). He then filed an equitable tolling brief, together with a motion for subpoena of medical documentation and later a motion to take depositions. (Docket #16, #17, #21). The state responded to these items and Mr. Carpenter has now filed a reply brief. (Docket #25, #30).

  The Court begins its discussion by quickly addressing the timeliness issue, because Mr. Carpenter again raised it in both his opening brief and reply brief. (Docket #16, #30). The Court cannot add much to its previous

analysis. (Docket #10, #15). Nonetheless, the Court will walk through its analysis one final time, giving as much benefit to Mr. Carpenter as possible.

To begin, 28 U.S.C. § 2244(d)(1) imposes a 1-year statute of limitations on habeas actions. That 1-year period runs from the latest of the date:

(1) on which the judgment became final (28 U.S.C. § 2244(d)(1)(A));

(2) that a state-created impediment to filing is removed (28 U.S.C. § 2244(d)(1)(B));

(3) that the Supreme Court newly recognized a constitutional right and made it retroactive to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or

(4) that the factual predicate could have been discovered through due diligence (28 U.S.C. § 2244(d)(1)(D)).

Mr. Carpenter does not make any argument in support of the latter three of those dates, nor could he. The Court is not aware of any impediment, newly recognized right, or newly-discovered factual predicate that would support Mr. Carpenter's request for relief.

Thus, in analyzing the timeliness of Mr. Carpenter's petition, the Court applies 28 U.S.C. § 2244(d)(1)(D)'s standard rule, in which the 1-year limitations period runs from the date on which Mr. Carpenter's conviction became final.

The only complicating factor—and, indeed, it creates significant complications in this case—is 28 U.S.C. § 2244(d)(2)'s tolling provisions. 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." To be sure, Mr. Carpenter has engaged in numerous post-conviction proceedings in Wisconsin's state

court. Thus, the 1-year limitations period applicable to his case has been tolled on several occasions.

With that backdrop in place, the Court begins by determining the date on which Mr. Carpenter's judgment became final: January 27, 2012. A judgment of conviction becomes final when the time for seeking direct review—including the time period for seeking *certiorari* before the Supreme Court—has expired. *See, e.g.*, *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002)). In this case, Mr. Carpenter received an extension of time until January 27, 2012, to request *certiorari* before the Supreme Court. (December 6, 2011 entry on Case History sheet for Case No. 2012AP2274). He did not file any brief, meaning that his conviction became final and began to run from that date: January 27, 2012.

Next, the Court must determine when the statute of limitations was tolled under 28 U.S.C. § 2254(d)(2). As already noted, Mr. Carpenter engaged in several collateral proceedings that could possibly result in tolling.

The first proceeding does not result in any tolling. That first proceeding was a *pro se* petition for post-conviction relief, pursuant to Wis. Stat. § 974.06, which he filed in the Milwaukee County Circuit Court *before* his conviction became final. According to public records, he filed that motion on October 13, 2011; it was assigned to Judge Rebecca Dallet the same day, and denied on October 19, 2011. Even assuming that the petition was "properly filed," it still would not toll the limitations period, because the limitations period had not even begun to run yet.

As the State points out, the second proceeding *may* have resulted in tolling of the limitations period for January 27, 2012, until February 23, 2012. (Docket #25 at 6). That second proceeding was a petition for a supervisory

writ in the Wisconsin Supreme Court, Case No. 2011AP2559-W. Mr. Carpenter filed that petition in November of 2011, but it was still pending at the time that his conviction became final; the Wisconsin Supreme Court did not deny the petition until February 23, 2012. (Docket #16, Ex. 1 at 99). Giving Mr. Carpenter the benefit of the doubt—assuming that his petition for a supervisory writ was properly filed—this means that the statute of limitations would have been tolled from the date his conviction became final until February 23, 2012. The Court will, therefore, treat the limitations period as if it did not start running until February 23, 2012.

The limitations period *did*, however, begin running on that date. As of February 23, 2012, Mr. Carpenter did not have pending any properly filed application for state post-conviction or other collateral review. Thus, 28 U.S.C. § 2254(d)(2) no longer applied to toll the limitations period, and the limitations period began to run.

It ran until October 18, 2012, when Mr. Carpenter filed his state habeas corpus petition pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). (Docket #15 at 4; Docket #16, Ex. 1 at 56–70). In the interim, 238 days elapsed.

Mr. Carpenter's *Knight* petition remained pending until August 1, 2013, at which time the Wisconsin Supreme Court denied his petition for

review of its denial.[1] Thus the limitations period remained tolled until that date.

The limitations period began to run again thereafter, and Mr. Carpenter did not timely file his federal habeas corpus petition within the limitations period. Because 238 days had already elapsed from the limitations period, Mr. Carpenter had 127 days remaining (until approximately December 6, 2013) to file his federal habeas corpus petition. He did not file it until July 3, 2014 (Docket #1), approximately seven months too late.

The Court finally notes that Mr. Carpenter filed various proceedings in the federal courts, none of which have any impact on the Court's timeliness analysis. Specifically, he filed two separate miscellaneous cases in this district seeking an extension of time to file his federal habeas petition. (See Case No. 12-MC-66 (Adelman, presiding); Case No. 14-MC-5 (Clevert, presiding)). His request for an extension was denied in both cases because he did not have a petition pending. In the more recent case, he appealed to the Seventh Circuit, which affirmed the denial of an extension of time and stated, "If Carpenter is reasonably concerned about the timeliness of his § 2254 petition, he can file his petition and move for a stay pending the completion

---

[1] Mr. Carpenter appears to continue arguing that his *Knight* petition was effectively part of his direct appeal, and that, therefore, his statute of limitations runs from some time after the Wisconsin Supreme Court addressed it. However, as the Court previously noted (Docket #15 at 3), it appears that his *Knight* petition was only a collateral attack. *See, e.g.*, *Page v. Frank*, 343 F.3d 901, 906 (7th Cir. 2003) (distinguishing between Wis. Stat. § 974.06 and § 974.02 proceedings and stating that Wis. Stat. § 974.06 proceedings are "considered a collateral attack"); *Morales v. Boatwright*, 580 F.3d 653, 657 (7th Cir. 2009) (implicitly treating *Knight* petition as a collateral attack); *McPherson v. Pollard*, No. 13-CV-1045, 2014 WL 1338834 (E.D. Wis. Apr. 2, 2014) (same); *Hamilton v. Meisner*, 841 F. Supp. 2d 1064 (E.D. Wis. 2012) (same). Thus, it would not re-start the limitations clock—only toll the limitations period as the Court has already applied it. *See DeJesus v. Acevedo*, 567 F.3d 941, 942–43 (7th Cir. 2009).

of his state postconviction remedy." (Seventh Cir. Case No. 14-1282). None of this has any impact on the timeliness of Mr. Carpenter's petition. It is not related to "*State* post-conviction or other collateral review," but is instead federal, and therefore 28 U.S.C. § 2244(d)(2) does not apply to toll the limitations period. Moreover, the Seventh Circuit's statement does not extend the limitations period in any way; rather, the Seventh Circuit was merely commenting on the fact that, instead of requesting an extension of time via a miscellaneous case, Mr. Carpenter should have filed a petition and sought a stay thereof. Simply put, none of Mr. Carpenter's federal proceedings impact the timeliness of his petition.

This leaves Mr. Carpenter with one potential saving grace: equitable tolling. Equitable tolling is applied "only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). It "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Mr. Carpenter is not entitled to equitable tolling unless he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He bears the burden to prove each of those elements. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

To begin, Mr. Carpenter has not shown that he has been pursuing his rights diligently. He filed two separate motions seeking an extension of time in federal court, but one of those—the one before Judge Clevert—would, itself, have been untimely. The other, before Judge Adelman, came before his statute of limitations had even begun to run and was immediately denied with notice that Judge Adelman would not grant a stay where Mr. Carpenter had not yet filed a petition. Thus, Mr. Carpenter was on notice that, should

he need an extension of time, he should file a habeas petition and seek a stay and abeyance. He chose not to do so. This is not a situation such as that in *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) ("*Socha II*"), in which the petitioner made federal filings within the limitations period. Mr. Carpenter was not diligent in pursuing his rights.

Where Mr. Carpenter encounters trouble is in establishing that an extraordinary circumstance prevented timely filing of his petition. He identifies four possible grounds for application of equitable tolling:

(1) that he suffered from medical issues, such as blood clots;

(2) that he suffered from mental health issues, such as depression;[2]

(3) that he was denied a legal loan; and

(4) that he went through a divorce with his wife, causing him to lose his retirement account.

(Docket #16, #30). As the Court will discuss further, none of those four grounds are an "exceptional circumstance," that would qualify for equitable tolling.

To be sure, equitable tolling is not a "chimera—something that exists only in the imagination." *Socha II*, 763 F.3d at 684. Rather, despite not having approved of equitable tolling of a habeas corpus petition for many years, *see Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008), the Seventh Circuit now notes that courts "are not free…to regard equitable tolling as something that exists in name only; this would render the Supreme Court's explicit approval of equitable tolling in *Holland* a nullity." *Socha II*, 763 F.3d at 684 (citing *McQuiggin*, 133 S. Ct. at 1931). In *Davis v. Humphreys*, 747 F.3d 497, 498–99

---

[2]The Court notes that Mr. Carpenter did not raise his mental health issues in his opening brief on equitable tolling. Therefore, it is likely waived. Nonetheless, the Court will consider the merits of that issue, because in doing so it still concludes that Mr. Carpenter is not entitled to equitable tolling on that basis.

(7th Cir. 2014), the Seventh Circuit held that mental incompetence may support equitable tolling of the 28 U.S.C. § 2244(d) limitations period, and remanded the case to the district court "for a more nuanced evaluation of the petitioner's mental capabilities." *Socha II*, 763 F.3d at 684 (citing *Davis*, 747 F.3d at 498–99). Likewise, the Seventh Circuit has issued other rulings that implicate portions of the equitable tolling analysis where prison officials intentionally confiscated a petitioner's legal papers, *Weddington v. Zatecky*, 721 F.3d 456, 464–65 (7th Cir. 2013), and where a district court provided erroneous legal information to a petitioner, *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013).

In any event, while the possibility of equitable tolling exists, the circumstances in this case do not justify its application.

To begin, Mr. Carpenter's medical issues were not of a severity to prevent him from timely filing his petition, nor did they occur at a time that would have significantly impacted his ability to file. He was taken out of his facility for several days to deal with blood clots (Docket #16 at 2), but that does not explain why he did not file his petition either prior to being taken out of the facility or after he was returned. It also does not explain how blood clots in his legs would prevent him from preparing and filing his petition. That is particularly true in light of the fact that Mr. Carpenter complained on December 5, 2013, that he had not been given a job as a barber; if he was able to work as a barber, he should certainly be able to work on his federal habeas petition. In his reply brief, Mr. Carpenter also mentions two other medical issues that he faced in August of 2012: tooth trauma and an ingrown toenail. (Docket #30 at 5). But, again, those issues could not possible excuse his failure to timely file his petition, seeing as his petition was due more than a year after those latter issues. Mr. Carpenter bears the burden of establishing

extraordinary circumstances and he has not met that burden as it relates to his medical issues.

The closest call relates to Mr. Carpenter's mental health; but, again, the Court determines that Mr. Carpenter is not entitled to equitable tolling on this basis. In *Davis v. Humphreys*, 747 F.3d 497, 498–99 (7th Cir. 2014), the Seventh Circuit held that mental incompetence could support equitable tolling. But in this case, Mr. Carpenter does not argue that he was mentally incompetent—only that he was suffering from depression and anxiety. He also does not argue that he was incapacitated by his depression or anxiety. In any event, it is an unfortunate truth that depression and anxiety are not extraordinary circumstances in a prison setting: undoubtedly, many inmates suffer from precisely the same issues.

The denial of a legal loan to Mr. Carpenter also was not an extraordinary circumstance that prevented Mr. Carpenter from filing his federal habeas petition. To begin, the denial of a legal loan is not an extraordinary circumstance. Mr. Carpenter complains that it was motivated by the malice of prison officials, who did not want him to timely file his brief. But, even if that were the case, the denial of a legal loan would not *prevent* him from filing his petition. Rather, he could always move for leave to proceed *in forma pauperis* in presenting his federal habeas petition; that is a common circumstance. In any event, Mr. Carpenter is responsible for budgeting his own finances, *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003), and his failure to adequately do so is not an extraordinary circumstance justifying equitable tolling.

Likewise, Mr. Carpenter's marital troubles do not justify application of equitable tolling. His divorce became final prior to the date on which his judgment of conviction became final. Therefore, the Court cannot envision

any reason why his divorce should have had any impact on his ability to timely file his petition.

Finally, the Court must ask whether all of these circumstances, considered together, might justify equitable tolling. *See Socha II,* 763 F.3d at 685–87 (looking to multiple circumstances together to determine whether equitable tolling is appropriate). Even when taken together, all of Mr. Carpenter's allegations could not justify equitable tolling. Simply put, this is not an extraordinary case. Mr. Carpenter suffered from some minor physical and mental health issues; he was treated outside of his facility; he was moved to another facility; he had financial troubles. But all of these occurrences are common parts of prison life. More importantly, even cumulatively, nothing was so drastic as to prevent him from filing. In *Socha II*, the Seventh Circuit found that equitable tolling should apply where the petitioner faced hurdles that "were nearly insurmountable." 763 F.3d at 686–87. There, the petitioner lacked access to his legal documents "[f]or nearly 90% of his allotted one year." *Id.* He also faced *extremely* limited access to other legal resources that Mr. Carpenter does not allege, here. *Id.* Mr. Carpenter has not made the Court aware of any similarly concerning obstacles. Thus, even considering the cumulative effect of all of the circumstances facing Mr. Carpenter, the Court is obliged to conclude that he is not entitled to equitable tolling.

Quite candidly, it appears very likely that Mr. Carpenter was confused about the deadline to file his federal habeas petition. He has been an extremely active litigant, whether in this case, this district more generally, or the state courts. He has certainly been juggling many separate proceedings and doing so *pro se.* That is not easy, and the more proceedings added into the mix, the more expensive and confusing everything gets. So the Court can understand *why* Mr. Carpenter may have been confused about the deadline.

But "garden variety" claims, such as miscalculations of time to file a petition, do not justify application of equitable tolling. *Holland*, 560 U.S. 651.

Having determined that it cannot apply equitable tolling, the Court is obliged to deny Mr. Carpenter's petition for a writ of habeas corpus as untimely.

The Court will also deny his motions for subpoena of medical documentation and to take depositions. (Docket #17, #21). Additional medical evidence and depositions are unnecessary. To begin, the Court has found that Mr. Carpenter was not diligent in pursuing his rights; thus, further evidence regarding his alleged exceptional circumstances is unnecessary. Moreover, even taking Mr. Carpenter's assertions regarding his mental and physical health to be true and of the most severe nature, there *still* would be no indication that they present exceptional circumstances that would justify application of equitable tolling. The additional evidence that Mr. Carpenter seeks is unnecessary in light of all of the Court's findings. The Court, therefore, denies his motions.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Carpenter must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Given that Mr. Carpenter's petition is untimely by several months and has not even come close to meeting his burden to show exceptional

circumstances warranting equitable tolling, the Court is obliged to find that no reasonable jurist would disagree with the Court's determination. It therefore denies a certificate of appealability.

Accordingly,

IT IS ORDERED that Mr. Carpenter's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Mr. Carpenter's motions for subpoena of medical documentation (Docket #17) and for depositions (Docket #21) be and the same are hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge